Green, J.
delivered the opinion of the court.
This is a motion against a constable for failing to return an execution.
The cause was commenced before a Justice of tbe Peace, who gave judgment against Davidson, the constable, who obtained a certiorori to remove the cause to the Circuit Court. The Circuit Court submitted the questions in controversy to a jury, who found for the defendant; and the court gave judgment, that he go hence; from which judgment the plaintiff appealed to this court. Although we concur with the Circuit Court as to the result of the cause,'yet we think the intervention of a jury unnecessary, and calculated to embarrass the questions to be decided. These questions were, first, whether the defendant had notice of the motion before the Justice as the law directs; and if not, did he defend the motion on the merits? second, was the defendant excused for the non-return of the execution by any thing the plaintiff did? and third, is the judg *426 ment of the justice valid, containing a statement of facts which must appear to the court in order to authorize it to pronounce judgment?
First, as to notice. The notice is dated 6th April, 1843, and the constable who served it, endorsed it, “Executed on James Davidson, by leaving a true copy with him, and set for trial April 29th, 1843, before John Byrum, J. P. at his house.” This endorsement does not state when the copy of the notice was delivered, so that we can see that it was served five days before the time set for the trial; and as there is no other proof of notice, it results that the five days’ notice of the motion, which the law requires, does not appear to have been given. But it is supposed by the plaintiff in error, that the petition for a certiorari filed by the defendant, shows that he was present before the Justice and made defence. We do not think this fact appears by any thing stated in the petition. It is true, the petitioner does not complain that he had no sufficient notice of the time the cause was set for trial; but he says the cause was continued until another day, when judgment was rendered against him; of which time he had no notice. According to this statement he did not appear to defend the motion on the merits.
2. But in the second place, we think the judgment of the Justice altogether defective. It does not state the judgment upon which the execution issued; nor does it state that it appeared to the Justice, that John Adkins and J. H. Lokey were the sureties of Davidson the constable. The conclusion of the judgment, “That it is considered by the court that Willis Burt recover of the said James Davidson, and John Adkins and S. H. Lokey his.sureties, the said sum,” &c. is not such a statement of the fact of their suretyship as this court has uniformly held to be necessary.
In these summary proceedings, as well before Justices as before courts of record, every fact which is necessary to give the court jurisdiction and to authorize the judgment, must be set out in the judgment as having been made to appear. It is not necessary' to state the evidence by which any of the facts were proved; for if the facts be.stated, it will be presumed there *427 was sufficient testimony to authorize the court to assume their existence.
The counsel for the plaintiff in error contends, that the petition for certiorari ought to have been dismissed, because the case was brought into the Circuit Court to correct the errors in the judgment and proceedings of the Justice, and not for a trial on the merits, and he cites the case of Rogers vs. Ferrell, (10 Yerg. Rep. 254,) in support of this position. In that case, Rogers had obtained a judgment before a Justice of the Peace against Ferrell, upon which an execution issued. Ferrell applied to two Justices of the Peace for writs of certiorari and su-persedeas, alledging therein that the judgment had been paid, and praying the execution to be quashed. This, the court say, the acts of 1801, ch. 7, s. 4, and 1833, ch. 65, s. 2, did not contemplate as the office of certiorari. These acts only con-templete cases where the writs of certiorari and supersedeas are substituted in place óf an appeal; not a case where the judgment is not complained of, but where relief is sought from an unjust and illegal execution of it. These writs cannot be .used in place of the audita querela.
This statement of the case of Rogers vs. Ferrell, shows that it has no application to such a case as the one before the court. Here the judgment is complained of, and the writs of certiorari and supersedeas are substituted for an appeal. Upon an appeal the cause would have been before the court to be determined upon the very questions now presented.
We think the defendant’s motion to quash the proceedings before the Justice of the Peace should have been sustained.
Let the judgment be affirmed, and the proceedings before the Justice be quashed.